PER CURIAM.
Appellant, Frank’s Texaco (Texaco), appeals the dismissal with prejudice of his amended petition, filed with appellee, the Department of Environmental Regulation (Department). We reverse.
The Department denied Texaco participation in a reimbursement program for environmental clean up costs. Texaco filed several written requests for extensions of time in which to file its petition requesting a formal administrative hearing. The Department granted an extension of time up to February 11, 1991.
Texaco mailed its petition by United States Mail on February 8, 1991. The petition did not reach the Department until February 13, 1991. On February 26, 1991, the Department issued an order dismissing the petition as untimely.
*521 Texaco was allowed leave to amend within fifteen days to show why the petition should be considered timely. Texaco filed its amended petition on March 18, 1991.
The Department dismissed the amended petition with prejudice because it was not filed within the allotted 15 days. The Department found that even if timely filed, the amended petition failed to show why the original petition should be considered timely.
Chapter 17-103.050 of the Florida Administrative Code states:
(1) Filing of the initial pleading required to be filed by the Department, such as a petition for hearing, petition for declaratory statement, petition for rule or other pleading or document which initiates a proceeding, or of a notice of appeal, or a request for an extension of time, shall be deemed complete upon receipt, during regular business hours, by the Office of General Counsel of the Department in Tallahassee, Florida.
(2) Service of a subsequent pleading, motion, or other document shall be deemed complete upon being properly addressed, stamped and deposited in the United States Mail.
Texaco had initially filed various requests for extensions of time. Subsequently, Texaco filed its original petition requesting a formal administrative hearing.
Under Chapter 17-103.050(1) of the Florida Administrative Code, Texaco's first request for an extension of time constitutes its “initial pleading”. This “initial pleading” is deemed complete upon receipt by the Department.
Since Texaco’s request for an extension of time constitutes its “initial pleading”, it follows that Texaco’s original petition constitutes a “subsequent pleading” under Chapter 17-103.050(2). Furthermore, under Chapter 17-103.050(2), a “subsequent pleading” is deemed complete upon being properly addressed, stamped and deposited in the United States Mail.
Therefore, the original petition was complete when deposited in the United States Mail on February 8, 1991, (three days before the February 11, 1991, deadline), and the Department erred in dismissing it as untimely. Accordingly, we reverse.